## Dyer et al. v. Hensley et al.

March 1, 1949.

Grannis Bach for appellants.
Chester A. Bach for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

The principal question on this appeal involves a part of the description of a boundary line to a tract of land owned by the appellants. The appellees, defendants below, own an adjoining tract. The appeal is from a judgment denying the appellants the relief sought. The part of the description in dispute follows:

"* * * thence up the point to the top of the ridge to two small black oaks, thence with the ridge to a high knob to a big hickory, thence with the ridge down in a low gap to a big hickory and dogwood, thence a straight line down the hill with a small drain to a small beech; * * *."

The controversy hinges around the location of the big hickory and dogwood on the ridge. It is the contention of appellants that the corner should be located at a low point in the gap where a hickory log was found. On the other hand, the appellees contend that it should be located some 68 steps up the ridge to a point where a marked hickory and a dogwood had stood. The point contended for by the appellees is some 40 steps from the highest point on the ridge.

There is no map or diagram in the record, nor were the appellees' deeds filed as exhibits. There is no dispute as to the small beech on the drain. The gist of the testimony of several witnesses for the appellees is that a marked hickory and a dogwood had stood at a point near the top of the ridge, but that the stump of the hickory had been taken up and the dogwood had been cut. It is insinuated that the appellants were responsible for the destruction of those objects. The testimony for the appellants shows that a hickory log 12 to 18 inches in diameter was found near the low point of the gap, and that a dogwood had stood near that point. Their testimony shows also that a straight line running from the beech up the drain would strike the low point of the gap. It appears that the drain does not run all the way to the low point of the gap, but forks some 25 or 30 yards below it.

The appellants point out that there are two phases or aspects of the part of the description in controversy,

namely, "down a low gap" and "a big hickory and dogwood." In this connection they insist that the hickory and dogwood corner referred to in the testimony of the appellees fills only a part of the description. They point out also that those trees were not down in the gap, but rather were up near the high point of the ridge. In support of their theory of the case they point out that the objects, the trees, were located at a place referred to in the description, namely, down in the gap, and also that a straight line from them to the beech would follow the drain.

Reliance is placed by the appellants upon the case of Rush v. Cornett, 169 Ky. 714, 185 S.W. 88, 89. In commenting upon circumstances similar to those here involved, the Court said:

"* * * It is also not to be forgotten that the eighteenth corner called for in the patent is not only a chestnut, which is a natural object, but it is stated to be 'on top of the mountain.' And, although there should be a chestnut at the eighteenth corner, as claimed by appellant, suiting the description in the patent, still unless it was located on top of the mountain, or practically so, it could not possibly be the one called for in the patent at this point. By showing a chestnut to be at this corner, or near there, and on top of the mountain, appellees, at least in this respect, have produced testimony 'mountain high' in support of their claim."

The appellees cite cases, including that of Brashears v. Joseph, 108 S.W. 307, 32 Ky.LawRep. 1139, wherein it was said that marked corners are considered more satisfactory in determining boundaries than are natural objects not marked, such as streams or ridges. They insist that the testimony showing that a marked hickory and a dogwood had stood at the corner contended for by them is conclusive. But if we accept their contentions, we must disregard one feature of the boundary in dispute, namely, the natural physical monument "down in a low gap." This we are not disposed to do. The description not only called for the big hickory and a dogwood, but also located them as being down in a low gap. We do not think the point contended for by appellees meets this description.

For the reasons given we think the judgment should

be and it is reversed, with directions to set it aside and for the entry of a judgment consistent with this opinion.